SAMUEL C. WILEY

v.

WILLIAM DEERING ET AL.

*Partnerships—Limitation of Partner's Authority—Secret Agreement
—Voidability of, as to Innocent Third Parties.*

When individuals hold themselves out to the world as partners and all of them have or are chargeable with knowledge of the character of business openly and publicly transacted by one or more of the members of the firm, no member thereof will be relieved from responsibility for acts done by another, with third persons innocently and in good faith dealing with such partner or partners acting apparently within the scope of the partnership business, although such acts may be in excess of the authority of the partners so dealing under a private agreement between the members of the firm.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORANCE DIBELL, Judge, presiding.

Messrs. J. H. ECKELS, SAMUEL RICHOLSON and WILLIAM L. SEELEY, for appellant.

Mr. D. B. SNOW, for appellee.

C. B. SMITH, J. This was a suit in assumpsit by appellee against appellant upon a promissory note executed in the firm name of O. J. Wilson & Co. This firm was composed of O. J. Wilson, William Wilson and Samuel C. Wiley, appellant. This firm was organized for the purpose of carrying on a general blacksmithing and repair shop, and the capital limited to $500. The contract of partnership limited the business to this capital, and no enterprise or business was to be entered upon which involved an increase of the capital. O. J. Wilson and his son, William Wilson, were engaged in banking in the same village. The son, with a clerk (Hiller) managed the bank, and the father, O. J. Wilson, lived upon his farm and carried it on. Samuel C. Wiley was also engaged in other business, and we gather from the record that neither O. J. Wilson nor Mr. Wiley paid much attention to either the bank or the shop, and that the son practically had charge of and managed both concerns. Wiley was not interested in the bank.

The contract of partnership relating to the blacksmith shop was a purely private affair among the partners with no notice to the world or appellee of its terms.

Wiley v. Deering.

While the business was thus running along William Wilson desired the firm to add to their blacksmith business the additional business of dealing in agricultural implements, but O. J. Wilson and appellant, Wiley, offered to prove that they objected to buying and selling implements, but agreed that William Wilson might handle that class of goods in his own name on *commission* only. Thereupon William Wilson, the manager of the shop, commenced dealing in agricultural implements under a commission contract executed in the firm name. This business he carried on some two or three years under the firm name of O. J. Wilson & Co. The letter heads and contracts were all printed and executed in that name The shipment of implements were in that name, and there was nothing in the management of the business to notify a stranger that there was any limitation to the terms of partnership or that William Wilson did not have full authority to bind the firm for the purchase price of these goods, so received from time to time, under what is called a commission contract.

Some time before the execution of the note sued on the agent of appellee called on William Wilson at the bank for a settlement for the machines received and sold, and which had not been paid for. The amount was ascertained and William Wilson directed Hiller, the clerk or cashier, to prepare a note for the amount and directed him to sign it with the firm name of O. J. Wilson & Co., which was done and the note handed to the agent of appellee. Not being paid at maturity this suit was brought.

It appears that young Wilson so managed the bank and the blacksmith and agricultural implement business that he involved both his father and Mr. Wiley in financial ruin and became himself a defaulter and fled the country.

The abstract does not inform us what pleas were interposed by the defendants, but the only defense offered by appellant, Wiley, was a want of authority on the part of William Wilson to bind the firm for these agricultural implements by giving the firm note therefor. The defendants offered to prove that the firm was only to do a commission business and that William Wilson was prohibited from doing any other

sort of business; that O. J. Wilson and appellant understood all the time that the implements were being handled on commission and that Wiley did not know anything to the contrary, until after the failure; but there was no proof nor offer to prove that appellee ever knew anything of this secret understanding. The contract under which these implements were furnished was a contract in the firm name of O. J. Wilson & Co., and that contract bound them to pay for such machines as they were received and sold. But the court excluded the offered evidence on the ground that it was no defense to the note to prove a private and secret understanding between members of a firm, limiting their liability, without proof of knowledge on the part of Deering & Co. of the existence of that kind of a contract between the members of the firm. And the court further directed the jury to find for the plaintiff for the amount of the note, which they did; and thereupon the court, after overruling a motion for a new trial, gave judgment for appellee upon the verdict. Appellant, Wiley, brings the case here on appeal, and assigns the ruling of the court in excluding all his evidence and directing a verdict for the plaintiff as error.

We think there was no error in this. The evidence offered by the defendant alone, without proof of the notice of such agreement between the partners brought home to appellee, would amount to nothing and be no defense. When parties hold themselves out to the world as partners in any particular kind of business, and knowing in fact, or chargeable with knowledge of the character of the business transacted by one or more of them, openly and publicly, they will not be relieved from the unauthorized acts of any member of the firm, but done apparently within the scope of the business, as against persons dealing in good faith with the firm, without any notice that the act of the partner is not within the scope of his authority. Secret agreements are good and valid as among partners, but they are unavailing to bind strangers, who deal with the firm without notice of such agreement. Winthrop v. The Bank, 5 Peters, 529; Bank v. Eldral, 9 Wallace, 548.

There was really nothing, therefore, offered against the

note, and it was proper for the court to direct the jury to find for the plaintiff. The same questions presented in this record were before this court at a former term in the case of Wiley v. Thompson, 23 Ill. App. 199, and upon the same state of facts so far as the defense interposed was concerned, and we then held that the defense offered constituted no defense.

And again in Wiley v. Stewart, 23 Ill. App. 236, and appealed from there to the Supreme Court and reported in 122 Ill. 525, the same ruling was affirmed. These cases are decisive and conclusive of the one at bar and against the contention of appellant.

Finding no error in this record the judgment is affirmed.

*Judgment affirmed.*